Larry O. Folks, #012142
Lisa S. Kass, #020859
**FOLKS & O'CONNOR, PLLC**
1850 N. Central Ave, #1140
Phoenix, Arizona 85004
(602) 256-9152
folks@folksoconnor.com
*Attorneys for Movant, M&I Marshall & Ilsley Bank*

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHRISTOPHER G. WILLIAMS AND JULIE R. WILLIAMS,<br><br>Debtors. | Chapter 7 Proceeding<br><br>Case No.: 2:09-bk-31899-RTBP |
| M&I MARSHALL & ILSLEY BANK<br><br>Movant,<br><br>vs.<br><br>CHRISTOPHER G. WILLIAMS AND JULIE R. WILLIAMS, DEBTORS; AND WILLIAM E. PIERCE, CHAPTER 7 TRUSTEE,<br><br>Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC BANKRUPTCY STAY**<br><br>**Real Property;<br>Located at 4575 E. Fawn Circle<br>Rimrock, AZ 86335** |

Marshall and Ilsley Bank, by and through undersigned counsel and pursuant to 11 U.S.C. § 362(d), hereby respectfully requests that the Court enter an order terminating any and all stays and injunctions, including the automatic stay of 11 U.S.C. § 362, to allow M&I to exercise its state law rights and remedies in and to its collateral located at 4575 E. Fawn Circle, Rimrock, AZ 86335 (the "Property"), and more particularly described by the Deed of Trust attached hereto as **Exhibit B** incorporated herein by this reference. This "Motion for Relief from Stay" ("Motion for Relief") is supported by the accompanying Memorandum of Points and Authorities that is

incorporated herein by this reference.

RESPECTFULLY SUBMITTED this 4th day of January, 2010.

**FOLKS & O'CONNOR, PLLC**

By _____/s/ Lisa S. Kass_____
Larry O. Folks
Lisa S. Kass
1850 N. Central Ave., Suite 1140
Phoenix, AZ 85004
*Attorneys for Movant, M&I Marshall & Ilsely Bank*

## MEMORANDUM OF POINTS AND AUTHORITIES

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. The filing of this Motion for Relief commences a contested matter pursuant to FEDERAL RULES OF BANKRUPTCY PROCEDURE, Rule 9014. This Motion for Relief is also submitted to comply with Local Bankruptcy Rule 4001-1.

2. On December 10, 2009 (the "Petition Date"), Christopher G. Williams and Julie R. Williams (the "Debtors") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

3. On November 11, 2005, the Debtors executed and delivered to M&I a Mortgage Note in the original principal amount of $180,450.00 (the "Note"). Pursuant to the Note, the Debtors agreed to repay the principal balance, interest and late fees, and in the event of default, certain other charges, costs and fees.

4. To secure repayment of the Note, the Debtors, as trustors, executed and delivered to M&I, as beneficiary, a certain Deed of Trust dated November 11, 2005 (the "Deed of Trust") that was recorded with the Office of the Yavapai County Recorder on November 17, 2005 at Book #4335, Page #536. The Deed of Trust evidences a valid, properly perfected and enforceable first-priority lien on the Property. A true and accurate copy of the Deed of Trust is attached hereto and incorporated herein as **Exhibit**

FOLKS & O'CONNOR, PLLC
1850 NORTH CENTRAL AVE, SUITE 1140
PHOENIX, ARIZONA 85004
(602) 262-2265

**A.**

5. The Debtors failed to make the following payments under the Note: (i) May 2009 through January 2010 payment in the total amount of $9,134.93; (ii) late fees of $406.00; and (iii) attorney fees and costs of $700.00 for a total amount of $9,540.93.

6. The unpaid balance of the Note consists of: (i) principal of $180,443.13; (ii) accrued interest of $9,134.94; (iii) late fees of $406.00; (iv) appraisal of $300.00; and (v) bankruptcy attorneys' fees and costs in the amount of $700.00 for a total pay off amount of $190,984.07 ("Loan Balance").

7. <u>The Debtors have indicated the intent to surrender property back to M&I Bank.</u>

8. M&I has performed each and every one of its duties and responsibilities under the Note and Deed of Trust and all conditions precedent to the Debtors' performance under the Note and Deed of Trust have occurred.

9. M&I has not received adequate protection of its lien interest in the Property, because the Debtors have failed to make the monthly mortgage payments to M&I as required by the terms of the Note and Deed of Trust.

10. Additionally, upon information and belief, there is no "equity cushion" in the Property to adequately protect M&I's secured claim. Also, the Property may be uninsured. Furthermore, if the Debtors do not maintain the Property, the value of the Property may deteriorate causing M&I to become further undersecured and without adequate protection.

11. Based on the foregoing, M&I is entitled to relief from the automatic stay to exercise its state law remedies in and to the Property on the following grounds: (i) for cause, including, without limitation, the lack of adequate protection and the Debtors' failure to make their monthly Note payments pursuant to 11 U.S.C. 362(d)(1); or alternatively, (ii) because there is no "equity" in the Property and the Property is not

necessary for an effective reorganization that is in prospect pursuant to 11 U.S.C. § 362(d)(2) in this Chapter 7 liquidation proceeding.

12. While M&I bears the burden of proof on the issue of the Debtors' "equity" in the Property, the Debtors (and any other party opposing this request for stay relief) bear the burden of proof on all other issues. 11 U.S.C. § 362(g). Unless a party opposing this request for stay relief presents evidence to sustain its burden of proof, M&I is entitled to relief from the stay without presenting any evidence whatsoever. *See e.g. Gauvin v. Wagner (In re Gauvin)*, 24 B.R. 578 (9th Cir. BAP 1982.

13. The Property is not the Debtors' residence. As such, M&I is not required to send a letter seeking to resolve the default prior to filing this Motion for Relief pursuant to local Bankruptcy Rule 4001-1(b).

WHEREFORE, based on the foregoing, M&I respectfully requests that the Court enter its Order granting the following relief:

A. Terminating any and all stays and injunctions, including the automatic stay of 11 U.S.C. § 362(a), to allow M&I to exercise any and all of its applicable non-bankruptcy rights and remedies in and to the Property including, without limitation, conducting a non-judicial trustee's sale of the Property; and

B. For such other and further relief as the Court deems just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED this 4th day of January, 2010.

**FOLKS & O'CONNOR, PLLC**

By /s/ Lisa S. Kass
    Larry O. Folks
    Lisa S. Kass
    1850 N. Central Ave., Suite 1140
    Phoenix, AZ 85004
    *Attorneys for Movant, M&I Marshall & Ilsley Bank*

FOLKS & O'CONNOR, PLLC
1850 NORTH CENTRAL AVE, SUITE 1140
PHOENIX, ARIZONA 85004
(602) 262-2265

**ORIGINAL** filed by **ECF** and
**COPIES** of the foregoing mailed
this 4th day of January 2010, to:

Christopher and Julie Williams
135 E. Lindsay Way
Sedona, AZ 86351
*Debtors*

David P. Morse
Law Office of David P. Morse
P.O. Box 1855
Cottonwood, AZ 86326
*Attorney for Debtors*

William E. Pierce
P.O. Box 429
Chino Valley, AZ 86323
*Chapter 7 Trustee*

Arizona Dept. of Revenue
Bankruptcy & Litigation
1600 W. Monroe, 7th Floor
Phoenix, AZ 85007

Internal Revenue Service
Special Procedures, M/S 5012PX
210 E. Earll Drive,
Phoenix, AZ 85012

Office of the U.S. Trustee
230 North First Avenue, #204
Phoenix, AZ 85003
*U.S. Trustee*

By  /s/ Kathlyn Maez
*An employee of Folks & O'Connor, PLLC*